IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>0.38 Acres of Land<br>*More or Less, Situated in the City of San Diego, San Diego County, State of California*,<br><br>      Defendant. | Case No. 3:07-cv-00078 (JKS)<br><br><br>ORDER OF FINAL JUDGMENT |

    At Docket No. 14 the Plaintiff filed a Motion for Hearing and Order Determining Ownership and Just Compensation.  This Motion has not been opposed.[1]  The motion having not been opposed and the Defendants having been given a full and fair opportunity to contest the

---

[1] At Docket No. 16 this Court set the briefing schedule for this motion:  Any Opposition to Plaintiff's Motion was due by January 8, 2010, and Plaintiff's Reply was due by January 15, 2010. No Opposition has been filed by any named Defendant.

substance of the motion and submit evidence as to the value of the land in question,[2] this Court makes the following finding:  The just compensation due for the taking of the subject land is in the amount of $1.00, being the total sum deposited by the United States in the Registry of the Court on January 11, 2007, and further being the value of the land as determined by the United States' appraiser and uncontested by the Defendants.

In its motion, the Plaintiff asked this Court to find: "as of the date of taking title was vested in, and just compensation is due to, the defendants named in the Complaint."  However, aside from listing the Defendants in various attachments, the Plaintiff has not submitted any evidence which would allow this Court to make such a finding.

**IT IS HEREBY ORDERED THAT** the clerk of the court shall enter a final judgment accordingly.  **FURTHERMORE**, the clerk will enter a judgment that title to the subject land vested in the United States of America on January 11, 2007, upon the filing of the Declaration of Taking and the deposit in the Registry of the Court of the original estimated just compensation in the amount of $1.00.

---

[2] It has long been settled that due process does not require the condemnation of land to be in advance of its occupation by the condemning authority, provided only that the owner have opportunity, in the course of the condemnation proceedings, to be heard and to offer evidence as to the value of the land taken. *Bragg v. Weaver*, 251 U.S. 57, 62 (1919), and cases cited; *Joslin Mfg. Co. v. City of Providence*, 262 U.S. 668, 677 (1923); *State of Georgia v. City of Chattanooga*, 264 U.S. 472, 483 (1924).  *See*, *e.g.*, *Bailey v. Anderson*, 326 U.S. 203 (1945). "[D]ue process require[s] no more than that the owner be given an opportunity to be heard at some stage of the proceedings upon reasonable notice of the pending suit." *City of Oakland v. United States*, 124 F.2d 959, 964 (9th Cir. 1942).  No particular form or mode of action is required. All that is essential is that in some appropriate way, before some properly constituted tribunal, inquiry shall be made, on notice, as to the amount of compensation to be paid for the property taken. *United States v. Honolulu Plantation Co.*, 122 F. 581, 585 (9th Cir. 1903) (citing *Backus v. Fort St. Union Depot Co.*, 169 U.S. 557, 569 (1898)).

**IT IS FURTHER ORDERED THAT** the Clerk of the Court shall hold and maintain said $1.00 deposited in this case in the Registry of the Court open to any and all claims until the date five years from the date of entry of this Judgment, and if said funds or any portion thereof remain unclaimed by such date, the Clerk of the Court, without further motion of the United States or order of this Court, pursuant to 28 U.S.C. § 2042, shall cause said sum, together with any interest it may accrue, to be deposited in the U.S. Treasury in the name and to the credit of the United States of America in trust for the use and benefit of any person entitled thereto.

Dated: February 23, 2010

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge